94 F.3d 640
 8 NDLR P 263
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Shawn M. FLYNN, Plaintiff, Appellant,
v.
RAYTHEON COMPANY, Defendant, Appellee.
 No. 96-1019.
 United States Court of Appeals, First Circuit.
 Aug. 19, 1996.
 
 Laurence E. Sweeney for appellant.
 Douglas T. Schwartz, with whom David C. Casey and Peckham, Lobel, Casey, Prince & Tye were on brief for appellee.
 Before CYR, Circuit Judge, COFFIN and BOWNES, Senior Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff Shawn Flynn appeals from a summary judgment order dismissing his Americans With Disabilities Act ("ADA") claim against Raytheon Company for refusing to rehire him after he had completed his fourth inpatient treatment program for alcoholism. Following careful review of the entire record, we affirm the district court judgment.
 
 
 2
 Over approximately nine years, Flynn compiled an employment record marred repeatedly by alcohol-related absenteeism and tardiness, interspersed with numerous sanctions and renewed opportunities to meet Raytheon's minimum job requirements. Raytheon finally fired him for reporting to work while under the influence of alcohol, in direct violation of its work rules. See also 42 U.S.C. § 12114(c)(1), (2), (4). After completing the fourth inpatient treatment program, Flynn presented Raytheon with a progress report from his supervising physician, proposed to submit to random alcohol testing, and requested reinstatement. When Raytheon declined, Flynn filed the present action. The district court ultimately granted summary judgment for Raytheon, and Flynn appealed.
 
 
 3
 Flynn does not contend that Raytheon violated the ADA by firing him, nor could he do so successfully. See id. § 12114(c)(4) (acknowledging that employer may "hold an employee ... who is an alcoholic to the same qualification standards for employment or job performance and behavior [as it] holds other employees, even if any unsatisfactory performance or behavior is related to the ... alcoholism of such employee...."). Instead, he maintains that Raytheon's refusal to give him another chance, by rehiring him on the terms he proposed, including random alcohol testing, violated the ADA.
 
 
 4
 Flynn seems to contend that Raytheon conditionally agreed to rehire him subject to evidence of successful rehabilitation. He relies on a statement made by a Raytheon representative during the union grievance proceeding that took place following his firing and his completion of the fourth inpatient treatment program. Flynn states that he was told "it was too soon for [him to return to work, and if [he received] a paycheck [he would] just ... go out and get drunk again." At the same time, according to Flynn, he was told that "once [he had] proved [him]self then things could happen." (emphasis added). He maintains that these representations generated a trialworthy issue as to whether Raytheon would have rehired him if it believed he was or could be rehabilitated.
 
 
 5
 The district court correctly concluded that Flynn did not generate a trialworthy issue of material fact. First, the language Flynn attributes to the Raytheon representative--"once [Flynn had] proved [him]self then things could happen."--constituted neither a promise that "things would happen" if and when he proved himself, nor an evaluative assessment that Flynn had yet proven himself, especially in the extant temporal context described by the same Raytheon representative; viz., "it was too soon for [Flynn to return to work and if [he received] a paycheck [he would] just ... go out and get drunk again." Although Flynn plainly would prefer the cart before the horse, Raytheon acceded to no such arrangement. Even assuming the language relied upon were subject to the interpretation urged by Flynn, however, it would not give rise to an ADA claim. Flynn's contention confuses a conditional promise to consider a future request to rehire with a putative ADA-based obligation to rehire at present. The ADA does not require an employer to rehire a former employee who was lawfully discharged for repeated disability-related failures to meet its legitimate job requirements; viz., punctuality and sobriety. See 42 U.S.C. § 12114(c); see also Siefken v. Village of Arlington Heights, 65 F.3d 664, 666 (7th Cir.1995) ("A second chance ... is not an accommodation, as envisioned in the ADA.") (internal quotation marks omitted) (rejecting ADA claim by employee who failed to monitor his diabetes despite employer's legitimate expectation that he would do so). As the Seventh Circuit explained in Siefken, since the discharged employee was not asking for any "accommodation" within the contemplation of the ADA, but simply "another chance to allow him to change his monitoring technique[,]" the ADA did not require the employer to afford him another chance. Id. at 666-67.
 
 
 6
 Finally, Flynn cites no authority for the claim that the ADA entitles him to a "second chance" to meet Raytheon's legitimate work requirements, see id., nor for claiming, if indeed he does, that a conditional promise to reconsider based on a future rehiring request gave rise to an actionable ADA-based claim, cf. Myers v. Hose, 50 F.3d 278, 283 (4th Cir.1995) ("qualified individual with a disability" requirement under ADA does not refer to "an individual's future ability to perform the essential functions of his position," only to his present ability to do so). Accordingly, even assuming the statements attributed to Raytheon were made, as we must at summary judgment, McCabe v. Life-Line Ambulance Serv., Inc., 77 F.3d 540, 544 (1st Cir.1996), petition for cert. filed, 64 U.S.L.W. 3808 (U.S. May 29, 1996) (No. 95-1929), Flynn has not demonstrated a colorable ADA-based right to rehiring. See Siefken, 65 F.3d at 666-67.
 
 
 7
 The district court judgment is affirmed.